UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

ROSINE COULANGES,

    Plaintiff,

v.                                                                                          CASE NO.:

PARALLON ENTERPRISES, LLC., A foreign
limited liability company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, ROSINE COULANGES ("Ms. Coulanges" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Broward County, Florida.

4. Plaintiff worked for Defendant in Broward County, Florida, and the venue, therefore, for this case is the Broward Division of the Southern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) she suffered from a serious health condition/pregnancy as defined by the FMLA which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Coulanges worked as a Team Lead Registrar for Defendant from June 2013, until her unlawful termination on May 11, 2018.

8. Ms. Coulanges became pregnant in 2017 and disclosed same to Defendant's management, as she required time off from work to attend to her medical appointments.

9. In March 2018, Ms. Coulanges was scheduled for check-ups with her doctor regarding the development of her pregnancy.

10. Ms. Coulanges followed protocol by informing management every time she needed to visit the doctor.

11. Each time she notified management of same, her supervisor's demeanor towards Ms. Coulanges would be hostile and retributive.

12. Based on the manner in which she was being treated and developments in her pregnancy, Ms. Coulanges' doctor recommended that she take an FMLA medical leave from March 27, 2018, through April 8, 2018, to care for herself.

13. Accordingly, Ms. Coulanges applied, and was approved for FMLA during this time period.

14. This medical leave time was protected under the FMLA, and any interference or retaliation with same was illegal.

15. Yet, upon her return to work on April 9, 2018, Ms. Coulanges was chastised by HCA's Human Resources managers for her FMLA-approved absences.

16. Ms. Coulanges was then given a final written notice for her absences despite being same being FMLA-approved.

17. That Ms. Coulanges was specifically written up for absences related to her FMLA leave demonstrates clear interference and retaliation for same.

18. In response to this discipline for what should have been FMLA protected time away from work, Ms. Coulanges contacted Defendant's ethics department in Nashville, Tennessee and reported/objected to the behavior to which she was being subjected.

19. This objection, of course, is protected conduct under the FMLA.

20. During this communication, Ms. Coulanges spoke at length about the discriminatory practices that were being perpetuated by Defendant's management.

21. In response, Defendant neglected to send a representative to Florida in order to properly investigate and remedy the matter, leaving Ms. Coulanges to suffer continued harassment and retaliation for the rest of her employment with Defendant.

22. It therefore came as no surprise that on May 11, 2018, just one (1) month after her return from FMLA leave, and shortly after her objections to Defendant's retaliation for same, that when Ms. Coulanges arrived for work, she was brought into a room with Defendant's management, and informed that she was terminated.

23. Ms. Coulanges attempted to defend herself by stating that other employees were regularly absent for non-PDA/FMLA reasons yet received no write-ups.

24. Ms. Coulanges also restated the nature of the treatment to which she was being subjected since disclosing her pregnancy and taking FMLA leave.

25. In response to this, Defendant's management became irate and accused Ms. Coulanges of "attacking" her manager; yet, nothing was further from the truth.

26. Accordingly, Defendant then removed Ms. Coulanges from the premises and instructed the hospital security staff to ban Ms. Coulanges from setting foot on the premises.

27. This was incredibly embarrassing and traumatizing for Ms. Coulanges.

28. Punishing and ultimately terminating an employee for utilizing FMLA leave and objecting to disparate treatment for same, is the very definition of interference and retaliation, under the FMLA. *See* 29 C.F.R. § 825.220(a)(2).

29. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

30. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for attempting to utilize what she believed to be proper and authorized FMLA leave, and objecting to poor treatment upon her return from same.

31. Defendant acted with intent to retaliate against Plaintiff when she should have been, and was, FMLA covered.

32. Defendant fired Plaintiff because of her need for FMLA protected time away from work and her objections to Defendant's poor treatment upon her return from same.

33. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

34. Defendant did not have a good faith basis for its actions.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Defendant interfered with Plaintiff's rights based on her use of FMLA.

38. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

39. As a result of Defendant's intentional, willful and unlawful acts by interfering with, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

42. At all times relevant hereto, Plaintiff was protected by the FMLA.

43. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her attempted use of FMLA protected leave and objecting to poor treatment by Defendant upon her return from same.

44. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

45. At all times relevant hereto, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA, and objected to poor treatment regarding same.

46. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 12th day of July 2019.

                                                Respectfully Submitted,

                                                By**:/s *Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Richard Guadagnolo, Esq.
Florida Bar No. 109104
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: rich@floridaovertimelawyer.com

*Attorneys for Plaintiff*